### 273

State
vs.
George E. Hill

Complaint No. 12124

### DECISION
February 11, 1919

DORAN, J. General Laws do not permit amending a criminal complaint in matter of substance without consent of defendant, but Public Laws, Cap. 1261, sec. 3 does. In the absence of reason to believe that the complaint was made in bad faith such amendments should be liberally allowed as saving time, expense and trouble of making a new complaint.

Such amendments as are deemed essential may be offered for allowance.

As to lack of surety for costs, in State v. McCarty, 4 R. I. 82, it was held that it was too late to make this objection after trial and conviction in the justice court. In State v. Collins, 12 R. I. 478, more attention was paid to the reasons for requiring recognizance for costs, but the case does not say that the recognizance is a condition precedent to issuing warrant or acting on the complaint and the case does not overrule State v. McCarty. The latter case is affirmed by State v. Sheehan, 28 R. I. 160. In State v. Sherman, 16 R. I. 631, an objection to the warrant was made a week after the return and after entering plea and giving bail, "so that when made they (defendants) were no longer held by virtue of the warrant" and the Court might well deny the motion as too late. Under State v. Sheehan, above, the disposition of this complaint on account of lack of surety is not discretionary. That case definitely declares that under the circumstances here the objection is too late.

Motion to dismiss denied.

For State: Herbert A. Rice, Lester S. Walling.

For defendant: Edward M. Sullivan.